IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA WILLIAMS, #R26246,  **Plaintiff,**  v.  DAVID ALFONSO, KIM JOHNSTON, ASSISTANT WARDEN WALKER, WEXFORD HEALTH SERVICES, and WARDEN DENNISON,  **Defendants.** | Case No. 3:20-cv-00113-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Joshua Williams, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He claims that he received inadequate medical care and Defendants failed to send him for consultation with an outside specialist. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money

---

[1] The Court has jurisdiction to resolve Williams's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Williams alleges that in June of 2019, Dr. David Alfonso ordered that Williams's blood be sent to a lab for a complete blood count ("CBC"). (Doc. 1, p. 9). This was the third time Dr. Alfonso had ordered a complete blood count test, and each test showed that Williams's white blood cell count was lower than the previous test. In July of 2019, Dr. Alfonso told Williams that he was going to request that Williams be seen by a hematologist for a consultation. As of January 23, 2020, Williams had not seen Dr. Alfonso or a hematologist. He states that Dr. Alfonso and Kim Johnston, the medical records director who was in charge of scheduling outside medical appointments, failed to prioritize his need for receiving a secondary medical opinion. *Id*.

## PRELIMINARY DISMISSALS

Williams names Defendants Assistant Warden Walker, Wexford Health Services, and Warden Dennison in the caption of his Complaint, but makes no allegations against any of them in the body of the Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. PROC. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be

adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendants Assistant Warden Walker, Wexford Health Services, and Warden Dennison will be dismissed from this action without prejudice.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following count:

**Count 1:**  Eighth Amendment claim against Dr. David Alfonso and Kim Johnston for inadequate treatment of Williams's low white blood cell count.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]**

To prevail on a claim of deliberate indifference to a serious medical need, a plaintiff must first show that his condition was "objectively, sufficiently serious" and that the "prison officials acted with a sufficiently culpable state of mind." *Greeno* v. *Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (citations and quotation marks omitted). It is not entirely clear at this point whether Williams suffers from an objectively serious medical need, as he has

---

[2]  *See Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 570 (2007).

only alleged that he has a low white blood cell count and does not provide any more information regarding his condition. *See, e.g., Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009)(stating that "[w]e doubt that fatigue and a slightly lower-than-normal white blood cell count is enough to show an objectively serious harm . . . ."). However, construing the complaint liberally in Williams's favor (as the Court must), the Court finds that Count 1 may proceed against Dr. David Alfonso. The objectively serious medical need can be inferred from the fact that Dr. Alfonso saw fit to have Williams tested multiple times and also saw a need for Williams to be seen by a specialist when his white blood cell count continued to decline. The culpable state of mind prong can likewise be inferred given that Dr. Alfonso knew of Williams's multiple test results yet failed to provide adequate care and address his medical needs.

Count 1, however, will be dismissed against Kim Johnston because Williams has not alleged any facts that support a claim that Johnston acted with deliberate indifference. In the Complaint, Williams alleges that Johnston is in charge of scheduling and "has neglected to prioritize my need for further/second medical opinion." (Doc. 1, p. 9). Deliberate indifference requires that prison officials not only knew that the prisoner's medical condition posed a serious health risk, but they consciously disregarded that risk. *See Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012). "This subjective standard requires more than negligence and it approaches intentional wrongdoing." *Id. Accord Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)(stating that "[d]eliberate indifference is intentional or reckless conduct, not mere negligence."). Furthermore, under Section 1983, Johnston cannot be held liable simply because she is in a supervisory

role. To be held individually liable a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)(quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). For these reasons Count 1 will not proceed against Johnston, and she will be dismissed from this action.

### MOTION FOR RECRUITMENT OF COUNSEL

Williams has filed a Motion for Recruitment of Counsel (Doc. 3) which is **DENIED**.[3] Williams states that, in an attempt to recruit counsel on his own, he has written letters to attorneys but has not received any responses. *Id.* at p. 1. This is not sufficient for the Court to determine if he has made a reasonable effort to obtain counsel on his own, and so, Williams has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Should Williams choose to move for recruitment of counsel at a later date, the Court directs him to include in the motion the names and addresses of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

### MOTION FOR SERVICE OF PROCESS AT GOVERNMENT EXPENSE

Because Williams has been granted pauper status (Doc. 9) and the Court is obligated to arrange service for incarcerated persons proceeding *in forma pauperis*, his Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot.

---

[3] In evaluating Williams's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authorities.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Motion for Appointment of Counsel (Doc. 3) is **DENIED without prejudice** and the Motion for Service of Process at Government Expense (Doc. 4) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that **Count 1** will proceed against **Dr. David Alfonso** and **DISMISSED** against **Kim Johnston.** Defendants **Johnston, Walker, Wexford Health Services,** and **Warden Dennison** are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to terminate them as parties in the Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Dr. David Alfonso**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Williams. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Williams, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address

shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant only needs to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Williams, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Williams is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: July 15, 2020.**

Digitally signed by Judge Sison
Date: 2020.07.15 15:29:43 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Williams is advised to wait until counsel has appeared for the defendants before filing any motions and to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Williams need not submit any evidence to the Court at his time, unless otherwise directed by the Court.